# IN THE COURT OF APPEALS OF IOWA

No. 16-0549
Filed August 17, 2016

**SHELBY ANTHONY VOGT,**
    Plaintiff-Appellant,

**vs.**

**IOWA STATE PENITENTIARY CLINICAL CARE UNIT, ET. AL.,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Michael D. Huppert,

Judge.


Plaintiff appeals the dismissal of his personal injury action.  **AFFIRMED.**



Shelby Anthony Vogt, Cedar Falls, appellant pro se.

Thomas J. Miller, Attorney General, and William A. Hill, Assistant Attorney

General, for appellee.


Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

Shelby Vogt formerly was a prisoner at the Iowa State Penitentiary in Fort Madison. Vogt filed a suit against the Iowa State Penitentiary arising out of an injury he allegedly sustained when exercise equipment he was using broke. The district court dismissed Vogt's medical malpractice claim on the defendant's motion for summary judgment. Following bench trial, the district court dismissed Vogt's negligence claim, concluding Vogt failed to prove negligence. Vogt timely filed this appeal.

"We review the district court's decision arising from a bench trial and arising from a motion for summary judgment for correction of errors at law." *Shea v. Lorenz*, No. 14-0898, 2015 WL 4158781, at *4 (Iowa Ct. App. July 9, 2015). Vogt failed to establish the existence of a duty to conform to a standard of care, the standard of care, and breach of the standard of care. *See Alcala v. Marriott Int'l, Inc.*, ___ N.W.2d ___, ___, 2016 WL 3201687, at *8 (Iowa 2016) (stating that actionable negligence requires proof "of the applicable standard or care and its breach"); *Payne v. Great River Health Syss.*, No. 14-1032, 2015 WL 6510322, at *3 (Iowa Ct. App. Oct. 28, 2015) (affirming grant of summary judgment on medical malpractice claim where plaintiff had no expert to establish the standard of care). The district court did not commit legal error in dismissing the plaintiff's claims. We affirm the judgment of the district court without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (b), (d), and (e).

**AFFIRMED.**